Strafford,
No. 4774.

U. S. FIDELITY AND GUARANTY CO. & a.

*v.*

EVELYN C. GAGNE.

Argued November 3, 1959.

Decided November 24, 1959.

*Hartnett & Moher (Mr. Hartnett* orally), for the plaintiff.

*Fisher, Parsons & Moran (Mr. Moran* orally), for the defendant.

KENISON, C. J. The issue in this case is whether in a workmen's compensation appeal to the Superior Court either party may avail itself of the right to take depositions under RSA ch. 517. We are not concerned with any question of the time and manner of taking depositions or the discretionary function of the Superior Court in allowing them in any particular case, since it ruled as a matter of law that depositions could not be taken in a workmen's compensation appeal. See Superior Court Rule 28, 99 N. H. 611; *Dame* v. *Company,* 95 N. H. 125; *Starkey* v. *Harvey,* 98 N. H. 96. While the availability of depositions in a workmen's compensation appeal has not been determined heretofore, the use of depositions in such appeals is not novel or unknown in this jurisdiction. See *Hirsch* v. *Company,* 97 N. H. 480; 542 Briefs & Cases 183.

While there is no specific provision in the Workmen's Compensation Law providing for the use of depositions, the appeal section of the Workmen's Compensation Law throws some light on the question. RSA 281:37 (supp.); Laws 1955, *c.* 98, *s.* 10. This section provides that on appeal to the Superior Court "a full trial shall be had before a justice of the superior court, without jury . . . ." The quoted statutory language and particularly the phrase "full trial" is some indication that a workmen's compensation appeal is to be treated procedurally like other trials before the Superior Court. This conclusion is strengthened by another provision in the same section, which declares that "the venue to be according to civil actions in personam between the same parties."

It is desirable and in keeping with the spirit of the Workmen's Compensation Law that its processes and procedures "shall be as summary and simple as reasonably may be" and this is particularly true at the administrative level in hearings before the Labor Commissioner. RSA 281:41. However, there may be instances in workmen's compensation appeals where it is not only desirable but necessary that a party use depositions or discovery process in

properly preparing his case for trial. In this case it is the employer who seeks the information but the process of acquiring information by deposition or discovery cuts both ways and tomorrow it may be the employee who needs it. It should be available to both parties when circumstances require it. If the deposition is sought for purposes of harassment or impertinent intrusion there is adequate power in the discretionary authority of the Superior Court to prevent it. *Currier* v. *Company,* 101 N. H. 205. We find nothing in the Workmen's Compensation Law which precludes the use of depositions or discovery process and the appeal statute (RSA 281:37 (supp.); Laws 1955, *c.* 98, *s.* 10) requiring a "full trial" assimilates the use of depositions provided for in RSA ch. 517.

The conclusion that depositions may be used in workmen's compensation appeals is consistent with the hospitable scope given to the use of depositions and discovery process in this jurisdiction. *McDuffey* v. *Boston & Maine R. R.,* 102 N. H. 179; *New Castle* v. *Rand,* 101 N. H. 201, 202. Additionally it may be noted that the deposition statute (RSA 517:1) has been given a broad interpretation allowing its use in cases where the statute itself did not provide for it explicitly. *Wessells* v. *Company,* 89 N. H. 230. Since the use of depositions under RSA ch. 281 is not precluded as a matter of law, the order is

*Exception sustained.*

All concurred.